111 Ariz. 522 (1975)
533 P.2d 1157
In the Matter of ONE 1970 FORD VAN, I.D. NO. 14GHJ55174, LICENSE NO. CB 4030.
Eugene G. HARANCZAK, Appellant,
v.
STATE of Arizona, Appellee.
No. 11715.
Supreme Court of Arizona, In Division.
April 9, 1975.
*523 Evans & Storrs, by Robert L. Storrs, Phoenix, for appellant.
Moise Berger, Maricopa County Atty., by Q. Dale Hatch, Deputy County Atty., Phoenix, for appellee.
HAYS, Justice.
On February 12, 1973, an officer of the Glendale Police Department obtained a search warrant from a local justice of the peace. The search was directed towards three named individuals, including the appellant, Eugene Haranczak; a residence with the correct address; and two motor vehicles, one of which was a 1970 Ford van.
The search warrant was executed the same day. During the search, a quantity of marijuana was seized from the glove compartment of the van. The van was seized and forfeiture proceedings were commenced pursuant to A.R.S. § 36-1041 et seq. shortly thereafter. On April 20, 1973, a judgment was entered in the Superior Court of Maricopa County forfeiting the appellant's interest in the vehicle. An appeal was timely filed. This court has taken jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.
The appellant contends that the search of the van was unlawful because the affidavit for the search warrant did not include any facts or circumstances relating directly to the van. We disagree and affirm the judgment of the Superior Court.
An affidavit for a search warrant must be tested in a common-sense and realistic fashion; if a magistrate has found probable cause, a warrant should not be invalidated by a hypertechnical interpretation. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Carroll, 111 Ariz. 216, 526 P.2d 1238 (1974).
The information supplied to the magistrate was adequate to support the warrant. While the affidavit gave no information relating directly to the van, it supplied facts sufficient to establish probable cause to believe that a crime was being committed. A search of the premises may include property that constitutes a logical part of the residential premises. State v. Caldwell, 20 Ariz. App. 331, 512 P.2d 863 (1973); Joyner v. State, 303 So.2d 60 (Fla.App. 1974). The vehicle was situated next to the house and is within the legal concept of curtilage. United States v. Combs, 468 F.2d 1390 (6th Cir.1972), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
"Just as the yard, horse-lot and stables customarily used in connection with a dwelling in bygone days were considered as part of the curtilage [see 4 Blackstone, Commentaries 274] so are garages, driveways and parking areas of today." Joyner v. State, 303 So.2d at 63.
We therefore hold that the search warrant was sufficient to sustain the search of the van. There is no need to reach the second issue raised by the appellant that independent probable cause was lacking for the search of the vehicle.
Judgment affirmed.
CAMERON, C.J., and STRUCKMEYER, V.C.J., concur.