629 P.2d 992

**STATE of Arizona, ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,**

v.

**The SUPERIOR COURT OF the STATE OF ARIZONA, IN AND FOR the COUNTY OF MARICOPA, the Honorable David G. Derickson, and Moses Metz, real party in interest, Respondents.**

No. 15284.

Supreme Court of Arizona, In Banc.

June 12, 1981.

Thomas E. Collins, Maricopa County Atty., K. C. Scull, Deputy County Atty., Phoenix, for petitioner.

Craig Mehrens, P. A., Phoenix, for respondents.

GORDON, Justice:

Petitioner brought this special action to challenge an order of the Maricopa County Superior Court suppressing evidence critical to its presentation of a child molestation and sexual exploitation case. We have jurisdiction pursuant to A.R.S.Const. Art. 6, § 5(4). Following oral argument we issued an order, with written opinion to follow, vacating the trial court suppression order so that trial, set for the following Monday, could proceed as scheduled.

Respondent Moses Metz was charged with two counts of child molesting and one count of sexual exploitation of a minor. Before trial on these charges, respondent filed a motion to suppress three photographs allegedly taken of one of the victims while she was nude. Respondent urged that the search warrant supporting the seizure of the photographs was defective on two grounds: (1) a minor child is incompetent to furnish reliable information upon which a search warrant may be based, and (2) the affidavit for the search warrant was stale.

During oral arguments on the motion to suppress, respondent brought up a third ground to invalidate the search warrant: that the affidavit contained an erroneous date. While Superior Court Judge Derickson ruled in favor of the petitioner on the first two issues, he ruled in favor of the respondent on the third issue. Because the first two issues are not properly before us on this petition for special action, we confine ourselves to consideration of the third issue: whether the search warrant affidavit is defective due to the inclusion of an obviously erroneous date.

The first page of the affidavit supporting the search warrant for the photographs alleges that the crimes of child molesting and sexual exploitation of a minor occurred on July 29, 1980. The third page of the

affidavit contains a statement that one of the victims related on 8–14–80 that the alleged criminal activity occurred "on or about 8–29–80." This third page also contains a statement that the second victim related that other similar events occurred "in a separate incident the same day."

We agree that the date of "8–29–80" is obviously erroneous. The affidavit was signed on August 15, 1980, two weeks before August 29, 1980, and could not report events which had not yet occurred. We feel that the inference that "8–29–80" is a typographical error intended to be "7–29–80" is equally obvious.

Only two dates are given in the affidavit as to when the alleged criminal activity occurred: "the 29 day of July, 1980," and "8–29–80." No evidence or reason has been advanced to challenge the accuracy of the July date. The form in which it appears is more precise than that of the subsequent date. The figure 8 could easily be typed in error when the figure 7 was intended. Conceding that "8–29–80" is incorrect because it is subsequent to the date on which the affidavit was signed, it seems apparent that the date "the 29 day of July, 1980," is correct and that "8–29–80" should read "7–29–80."

▪ We have consistently held that affidavits for search warrants should be interpreted in a common sense and realistic fashion. *State v. Torrez*, 112 Ariz. 525, 544 P.2d 207 (1975), *cert. denied*, 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 767 (1976); *In re One 1970 Ford Van, I. D. No. 14GHJ55174, L. No. CB 4030*, 111 Ariz. 522, 533 P.2d 1157 (1975); *see State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (App.1976). Doubtful or marginal affidavits should be considered in light of the preference to be accorded warrants. *Torrez, supra*. If a magistrate has probable cause to issue a search warrant, that warrant should not be invalidated by hypertechnical interpretation. *In re One 1970 Ford Van, supra*. Indeed, a presumption exists in favor of the validity of search warrants. *State v. Endreson*, 109 Ariz. 117, 506 P.2d 248 (1973).

In *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the Supreme Court of the United States pronounced:

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

\*   \*   \*   \*   \*   \*

"\* \* \* [W]hen a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

380 U.S. at 108–109, 85 S.Ct. at 746, 13 L.Ed.2d at 689.

▪ In *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), *cert. denied*, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975), we held that the complete omission of the date of an alleged crime did not render a search warrant defective. In the case before us, the first page of the affidavit includes the correct date of the alleged incident. No claim is made that anyone has been misled or confused by the subsequent typographical error. We feel that the trial court was plainly wrong in finding the search warrant defective due to a typographical error as to the date of the criminal activity in the affidavit before us.

Respondent points out that petitioner presented no evidence to explain the date discrepancy at the motion to suppress. As

petitioner explained in oral argument before this Court, respondent's written motion to suppress made no reference to the date discrepancy. That argument was first raised by respondent during oral arguments on the motion in the trial court. Petitioner requested an opportunity to put on an evidentiary hearing to shed some light on how the error was made, but the trial court refused its request.

 Respondent also argues that this Court should not accept jurisdiction in this matter. A.R.S.Const. Art. 6, § 5(4) grants jurisdiction to the Supreme Court over special actions. While we do not accept jurisdiction over special actions when there is an equally plain, speedy, and adequate remedy by appeal, Rule 1(a), 17A A.R.S., Rules of Procedure for Special Actions, we feel that the particular facts of this case warrant the exercise of our discretion to assume jurisdiction. This petition asks us to correct a plain and obvious error committed by a trial court in reversing a magistrate's finding of probable cause to issue a warrant, which error would have resulted in substantial delay to a child molestation and sexual exploitation case where the victims and key witnesses were eight and nine years old and therefore more susceptible to the problems of memory failure and psychological damage which protracted or repeated trials can cause.

We feel that the trial court's suppression of evidence based on an apparent typographical error was an abuse of discretion, *see* Rule 3(c), 17A A.R.S., Rules of Procedure for Special Actions, because it was without precedent or support in the law and could not be justified. *Western Waste Serv. Sys. v. Superior Court*, 120 Ariz. 90, 584 P.2d 554 (1978). We therefore vacated the trial court's suppression order with this written opinion to follow.

Petition for relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.