701 P.2d 1230
**STATE of Arizona, Appellee,**

v.

**Gerald Eugene WHITE, Appellant.**

**No. 1 CA–CR 7895.**

Court of Appeals of Arizona, Division 1, Department C.

June 4, 1985.

423

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div. and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Kiger & Sears by John M. Sears, Prescott, for appellant.

## OPINION

EUBANK, Judge.

Appellant filed this appeal from the judgment and the sentences he received following his convictions of Count I of the indictment, possession of marijuana; Count II, production of marijuana; and Count IV, possession of a prohibited weapon. Appellant was originally charged with the three counts mentioned above and Count III, possession of marijuana for sale. On the morning of his trial date, appellant entered a guilty plea to Count II, production of marijuana. He proceeded to trial on the remaining Counts, and the jury returned guilty verdicts on Counts I and IV. The jury was unable to reach a verdict on Count III, possession of marijuana for sale, and a mistrial was declared as to that Count. On April 16, 1984, the trial court sentenced appellant to serve the presumptive term of 1.5 years on each Count, the sentences to be served concurrently.

On appeal, appellant contends:

(1) That his convictions for possession of marijuana and for producing marijuana arise out of a single incident, and that the trial court erred in denying his motion for a judgment of acquittal on the charge of possession of marijuana; and

(2) That the trial court erred in denying his motion to suppress the marijuana and contraband seized.

We affirm.

The evidence introduced at the hearing on the motion to suppress and at trial, considered in a light most favorable to sustaining the judgments, established that on September 8, 1983, agents of the Federal Drug Enforcement Administration and the Arizona Department of Public Safety observed what they believed to be growing marijuana plants, as they were flying an unmarked plane in an area near Castle Hot Springs in Yavapai County. During the next two weeks, agents flew over the area two more times and took aerial photographs. On September 26, 1983, they obtained a search warrant which they served on appellant at his residence the following day. The search warrant authorized agents to search appellant's person, premises and vehicles. The premises were described in the warrant as: Star Route, Box 64A, Morristown, Arizona, located approximately one-half mile south of Castle Hot Springs on which is situated a black-sided house with a corrugated, metal roof. Appellant's vehicle was described in the search warrant as an orange, 1974 Ford pickup with Arizona license plate number YN-5693.

Appellant, his wife, and children resided on the property which included a black-sided house with a corrugated metal roof, appellant's bus/home, a shed, a chicken coop, outhouse, and a windmill. Agents found 198 growing marijuana plants in three separate areas on the premises. The plants would have been ready for harvesting in approximately six weeks.

Appellant and his family lived in the bus/home which was situated in such a way that it was neither visible from the air nor from the road which passed the property. When Officer Wayne A. Wright entered the property, he observed appellant seated on the patio area of the bus. The bus and patio areas were searched by Officer Wright and Agent Wes Stanford. During the search of the bus and patio areas, Officer Wright found and seized: marijuana stems with marijuana leaves and a bud, a saltine can containing marijuana leaves processed to a usable form, a wooden box containing a green leafy substance, a plastic jar containing a green leafy substance, a plastic bag containing a green leafy substance, stems of a green leafy substance, two ashtrays containing residue of a green leafy substance, a glass jar containing several burnt, hand-rolled cigarettes, a plastic bag containing a green leafy substance, a leaf of a green leafy substance, a mason jar containing seeds, two pillowcases containing stalks of a green leafy substance, a blue tablecloth containing stalks of a green leafy substance, a sheet containing stalks of a vegetable substance, a bedsheet containing stalks of a green vegetable substance, a white plastic five-gallon pail containing a green leafy substance which was found near the bus, a bundle of a green leafy substance found in an open area near the bus, and a paper bag containing a green leafy substance found in a shed at the base of the windmill. Arizona Department of Public Safety criminalist Robert Fulkerson testified that the green leafy substance contained in each of the exhibits was marijuana in usable amounts.

Officers also seized 198 growing plants. The plants filled the beds of two pickup trucks. After seizing the growing plants, Officer Wright took random samples from the plants totaling approximately ten pounds and later burned the remaining marijuana.

## MOTION FOR JUDGMENT OF ACQUITTAL

Appellant contends that the trial court erred in denying his motion for a judgment for acquittal on the charge of possession of marijuana. At the close of the state's case, he moved for a judgment of acquittal on Count I on the grounds that he had already pled guilty to production of marijuana prior

to trial. He argues that he cannot be found guilty of both possession and production of marijuana.

A.R.S. § 13–3405(A)(1) provides: "A person shall not knowingly: possess or produce marijuana." A.R.S. § 13–3401(22) provides: "'Produce' means grow, plant, cultivate, harvest, dry, process or prepare for sale." Appellant contends that there was no evidence that any of the marijuana seized came from any place other than his garden, and that all the marijuana seized was found in one of the states of production as defined in A.R.S. § 13–3401(22). He argues that it is impossible to produce marijuana without constructively possessing it and that having admitted his guilt to the charge of production, there was no evidence to support his conviction for possession. He also argues that since A.R.S. § 13–3405(A)(1) is phrased in the disjunctive, he cannot be convicted of a separate violation of the same subsection of the same statute on the same operative facts. He concludes therefore that the evidence does not support his conviction of possession of marijuana, and that the trial court erred in denying his motion for a judgment of acquittal.

■ Appellee, on the other hand, urges this court to apply its normal interpretive technique in determining the legislative intent in enacting A.R.S. § 13–3405. In interpreting the statute, the plain and natural meanings of the words contained therein compel the conclusion that A.R.S. § 13–3405(A)(1) criminalizes two separate acts: possessing marijuana and producing marijuana. It is the only criminal statute defining simple possession of marijuana as an offense. It is also the only criminal statute defining production of marijuana as an offense. Further, the offense of possession of marijuana consists of elements which are different from the elements which constitute the offense of production of marijuana. ("Possession" is defined by A.R.S. § 13–105(25) to mean "knowingly to have physical possession or otherwise to exer-

cise dominion or control over property"). Thus, it is readily apparent that a person can be convicted of separate violations of A.R.S. § 13–3405(A)(1) where the evidence supports each conviction. The use of the word "or" in the statute does not describe two different ways of committing the same offense, but rather separates one offense from the other. Thus appellant could be convicted of two separate offenses under A.R.S. § 13–3405(A)(1). We agree with appellee.

Appellant was charged in separate counts of the indictment with the offenses of possession of marijuana and production of marijuana. If there was substantial evidence that he committed each of the offenses with which he was charged, the trial court did not err in refusing to grant his directed verdict of acquittal. *State v. Harrison,* 111 Ariz. 508, 510, 533 P.2d 1143 (1975). In *Harrison,* the Arizona Supreme Court defined possession of marijuana as:

> Unlawful possession ... is established by proof that the accused exercised dominion and control over a substance, that he had knowledge of its presence, and that he had knowledge that the substance was a narcotic.

111 Ariz. at 510, 533 P.2d at 1145 (quoting *State v. Arce,* 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971)). The court found in *Harrison* that a defendant could be convicted of both possession of marijuana for sale and transportation of marijuana. However, the court emphasized that where the same facts support both charges, a person may not be punished for both offenses, but that both charges could go to the jury. (*See* A.R.S. § 13–116, which now requires concurrent sentences in such circumstances).

■ The evidence presented at trial established that appellant both produced marijuana and possessed marijuana. In providing the factual basis for appellant's plea to the charge of production of marijuana, the record establishes that officers seized on appellant's premises growing plants, and

that the plants were being harvested, dried and processed. In support of the charge of possessing marijuana, evidence was introduced that officers seized from appellant's bus substantial quantities of marijuana which had already been harvested, dried and processed, which appellant told officers was possessed by him for his own use. Most of the marijuana which was taken from the bus had already been processed for use and, according to appellant, was not being prepared for sale. Therefore, the marijuana seized from the bus coupled with appellant's admission that it was for his own personal use support his conviction of possession of marijuana. The evidence to support that conviction is not the same as the evidence which supports appellant's conviction for production of marijuana (growing marijuana). Therefore we conclude that the convictions are supported by independent and separate facts, and that appellant was properly convicted of both charges. Since the sentences were ordered to run concurrently, there is no issue concerning double punishment.

## MOTION TO SUPPRESS

### A. Notice

Appellant contends that the trial court erred in denying his motion to suppress due to the state's failure to comply with A.R.S. § 13–3409(C). A.R.S. § 13–3409(C) provides that when seizures of marijuana are made in excess of ten pounds, the agency may retain ten pounds of the marijuana and destroy the remainder. The statute specifically provides that before the marijuana is destroyed,

> The responsible law enforcement agency shall photograph the material seized with identifying case numbers or other means of identification and prepare a report, identifying the seized material. The responsible law enforcement agency shall notify in writing any person arrested for a violation of § 13–3405 or the attorney for the person at least twenty-four hours

in advance that such photography will take place and that such person or the person's attorney may be present at such photographing of the seized material. Evidence was presented at the hearing on the motion to suppress that Agent Wright notified appellant by letter on October 11, 1983 that the Department of Public Safety intended to photograph for destruction on October 20, 1983, at 10:00 a.m., at 2310 North 20th Avenue, Phoenix, Arizona, "all contraband items, regarding case number 83 50789." The letter did not include a notice provision to the effect that appellant or his attorney could be present at the photographing of the contraband. However, Agent Wright delivered the notice to appellant personally and told appellant at the time of the delivery of his right to be present. Following the hearing, the trial court denied the motion to suppress specifically finding,

> that the requirements of A.R.S. § 13–3409(C) were met by the written notice and the uncontested oral notice given by Agent Wayne Wright at the time of delivery. The oral notice would satisfy any deficiency in the written notice particularly in light of the ten day notice as opposed to the 24 hour requirement of the statute. The defendants had been arraigned and had been appointed counsel. They can show no prejudice.

■ Appellant contends, nevertheless, that the notification letter did not comply with the requirements of the statute on its face, and that he was thereby prejudiced. We disagree. The oral notice given to appellant concerning his right to be present dispels any prejudice which could have arisen by virtue of the omission of the notice in the letter. Appellant has not argued how he was actually prejudiced because of the omission of the written notice. Certainly he does not contend that the state withheld evidence favorable to him on the issue of his guilt. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States*, 405

U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In our opinion, appellant has failed to show any prejudice by the omission of a written notice advising of his right to be present at the photographing and destruction of the marijuana, and we conclude that the trial court did not err in denying the motion to suppress.

*B. Description of the Place to Be Searched*

Appellant also argues that the search warrant failed to adequately describe the place to be searched because it did not mention the bus/house in which appellant lived. The law enforcement officers who flew over the premises were unable to see the bus which was hidden from view under the branches of the trees. Moreover, the bus could not be seen from the road which bypassed the property.

In his affidavit for a search warrant, Agent Wright stated that he had reason to believe there were live marijuana plants, "in the possession of Gerald Eugene White and Rebecca White in and on the premises and buildings described as Star Rte. Box 64A, Castle Hot Springs, Arizona." The attachment to the affidavit described the premises as:

> A private residence located approximately one-half mile south of Castle Hot Springs on the west side of the road. This would be the only house in the immediate area located on the west side of the road. The residence has insulated board sides and a metal roof. There is a windmill on the property and is located between the house and the road.

The search warrant described the property as:

> On the person(s) Gerald Eugene White and Rebecca White on the premises known as Star Rte. Box 64A, Morristown, Arizona. Approximately ½ mile so. of Castle Hot Spgs. a black-sided with corrugated metal roof home.

The search warrant also described the things to be seized as marijuana, live marijuana plants, cultivation tools, and records. and receipts of illegal activities.

The Fourth Amendment of the United States Constitution requires that the place to be searched must be described in the warrant with sufficient particularity that the officer executing the warrant can, with reasonable effort, identify the place to be searched. *State v. Madsen*, 125 Ariz. 346, 349, 609 P.2d 1046, 1049 (1980). Further, the Arizona Supreme Court has held:

> An affidavit for a search warrant must be tested in a common-sense and realistic fashion; if a magistrate has found probable cause, a warrant should not be invalidated by a hyper-technical interpretation.

*In re One 1974 Ford Van*, 111 Ariz. 522, 523, 533 P.2d 1157, 1158 (1975). In that case, the court also stated that a search of the premises can include property which constitutes a logical part of the residential premises.

In the instant case, Agent Wright's affidavit provided facts which were sufficient to establish probable cause to believe that a crime was being committed by appellant on the property described in the affidavit. The premises described in the affidavit and warrant were located in a rural area, and Agent Wright included in his affidavit all information which was available to him from ground and aerial observations. The place to be searched was described with sufficient particularity that the officers executing the warrant could identify the place to be searched.

A presumption exists in favor of the validity of search warrants. *State ex rel. Collins v. Superior Court*, 129 Ariz. 156, 629 P.2d 992 (1981). A defendant has a burden to establish the invalidity of the warrant, and a trial court's ruling on a motion to suppress will not be disturbed absent an abuse of discretion. *State v. Warren*, 121 Ariz. 306, 589 P.2d 1338 (App. 1978). We conclude that appellant has failed to satisfy his burden of proving that the warrant was invalid, and that the trial

court did not err in denying the motion to suppress. Therefore, we need not address appellee's argument that even if the warrant is determined to be invalid, the evidence was properly admitted at trial in accordance with the good faith exception to the exclusionary rule. *See* A.R.S. § 13–3925; *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g denied,* —— U.S. ——, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984).

For the foregoing reasons, the judgment and sentences are affirmed.

CORCORAN and FROEB, JJ., concur.