**[J-90-2017] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 122 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court, at 1231 MDA 2015, dated June |
| | : | 1, 2016 (reargument denied August |
| v. | : | 11, 2016), Affirming the Order of the |
| | : | Lancaster County Court of Common |
| | : | Pleas, Criminal Division, at No. CP- |
| ERIC JAY LEED, | : | 36-CR-0002136-2014, dated July 16, |
| | : | 2015 |
| Appellant | : | |
| | : | ARGUED: November 29, 2017 |

**DISSENTING OPINION**

**JUSTICE DONOHUE**                                    **DECIDED: June 1, 2018**

I join the Dissenting Opinion of Chief Justice Saylor. I agree that the Majority's chronology-based rationale for rewriting the affidavit of probable cause is fundamentally flawed, as the affidavit at issue here reflects a distinct lack of chronological format. Dissenting Op. (Saylor, C.J.) at 2. Although the affiant did not set forth his factual averments in chronological order, the Majority nevertheless insists that he intended to do so. By reading the affidavit of probable cause in the light most favorable to the Commonwealth, rather than restricting itself to the actual contents, the Majority thus provides itself with grounds to rewrite said affidavit in a form that averts its constitutional infirmity. As I do not believe that a reviewing court should be permitted to rewrite an affidavit of probable cause after a search to provide a post hoc justification for its

constitutionality, and in fact consider the practice to constitute a dangerous threat to the constitutional rights of our citizens, I respectfully dissent.

The Chief Justice aptly recognizes that the Majority's "chronology rationale" is based solely upon speculation not supported by the text of the affidavit itself, namely that the affiant intended to present his factual averments chronologically (even though he did not do so). *Id.* But this is not the end to the speculation in which the Majority necessarily engages. In defending its decision to rewrite paragraph ten of the affidavit of probable cause, the trial court admitted that in order to find that the paragraph contained an "obvious typographical error," it is also necessary to assume that the magisterial district judge either "recognized the error and inferred the correct date," or that his "eyes simply glossed over the obvious typo." Trial Court Opinion at 11.

With respect to the contention that the magisterial district judge may have "recognized the error and inferred the correct date," nothing in the affidavit of probable cause supports this speculation. Rule 203(D) of the Pennsylvania Rules of Criminal Procedure provides that no evidence shall be admissible to establish probable cause other than the affidavit(s) of probable cause. Pa.R.Crim.P. 203(D). While a magisterial district judge is certainly capable of recognizing typographical errors, the appropriate procedure consistent with Rule 203(D) would be to correct the mistake and have the affiant initial the change. No initialed corrections appear on the affidavit of probable cause presently before us, and thus we may not conclude (absent speculation) that the magisterial district judge in this case recognized any errors and/or inferred any date other than the date actually set forth in paragraph ten.

The second contention, that the eyes of the magisterial district judge "simply glossed over the obvious typo," is speculation as well. To use this assumption as a basis for rewriting the affidavit of probable cause is also pernicious, as it excuses the magisterial district judge's failure to perform his or her important function in the review process leading to the issuance of a search warrant. This Court has explained that the standard for evaluating whether probable cause exists for the issuance of a search warrant is the "totality of the circumstances." *Commonwealth v. Baker*, 518 A.2d 802, 803–04 (Pa. 1986). For purposes of the Fourth Amendment, a judicial officer who issues a search warrant must act in a neutral and detached manner and is not to be "an adjunct law enforcement officer." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 326–27 (1979)). The magistrate's function is to make a judicial determination, based upon the contents of the affidavit of probable cause, whether probable cause exists. *Commonwealth v. Chandler*, 477 A.2d 851, 856 (Pa. 1984).

As such, careful review of the factual averments in an affidavit of probable cause is critical to the process of reviewing affidavits of probable cause and issuing search warrants that comply with constitutional requirements. A magisterial district judge cannot possibly perform his or her important function in this process while "glossing over" the affidavit's factual averments, as the "totality of the circumstances" cannot be evaluated if some or all of the relevant "circumstances" have been glossed over. Neither the Fourth Amendment of the United States Constitution nor Article I, section 8 of the Pennsylvania Constitution tolerates inattention to detail, and it is not the proper function of a reviewing court to correct distraction from duty by rewriting an affidavit of probable cause so that it

reflects what it believes (i.e., speculates) the affiant intended to convey or what the magisterial district judge failed to read. Such a practice degrades the entire process of requiring a magisterial district judge to review affidavits of probable cause in a neutral and detached manner before the issuance of a search warrant. See *Greenstreet v. State*, 898 A.2d 961, 974 (Md. 2006) ("It is not the legitimate role of a reviewing court to rewrite material portions of a deficient, but issued, search warrant. To do so would abrogate the responsibilities of the issuing authority whom the law entrusts to be a detached and neutral judge of whether the Constitution authorizes search of a person's property in a given case.").

Whether probable cause exists must be a determination made based upon the actual averments of fact set forth in the affidavit of probable cause, at least in circumstances where it is possible to do so. In the present case, paragraph ten of the affidavit of probable cause does not contain a date that reflects an obvious typographical error, like "1814" or "2214." *See, e.g., State ex. rel. Collins v. Superior Court of State of Ariz.,* 629 P.2d 992 (Ariz. 1981) (where affiant stated that he observed criminal activity on a date in the future, the affidavit contained an obvious typographical error). It also contains no inherent inconsistencies. For example, in paragraph ten the affiant did not state **both** that the canine sweep occurred on March 21, 2013 **and**, elsewhere, that the canine sweep occurred "today" (or on some other date). Instead, paragraph ten contains a sworn averment that the canine sweep occurred on March 21, 2013, without any indication elsewhere that it occurred on any other date.

Contrary to the Majority's contentions, the affidavit of probable cause in this case does not set forth a sequence of events that could not have occurred or one that is wildly

implausible.  Based upon statements by a confidential informant, the affiant (Detective Anthony Lombardo) had, since 2012, suspected the Appellant of selling large amounts of powder cocaine and marijuana in the Lancaster City area.  In 2014, a citizen in good standing in the community advised law enforcement authorities that Appellant was making frequent trips to a storage unit in the Lancaster area, and the manager of the storage unit facility confirmed that Appellant was the sole lessee of that storage unit.  This storage unit had a prior history as a repository for narcotics, as on March 21, 2013 a canine sniff, conducted pursuant to certifications obtained in 2008, 2010 and 2012, had indicated the presence of narcotics in the unit.  Having tied Appellant to a storage unit suspected of warehousing drugs, Detective Lombardo prepared an affidavit of probable cause for a warrant to search the storage unit.

For constitutional purposes, it does not matter that a more plausible story could be told by speculating that the canine sniff occurred on March 21, 2014.  Instead, all that matters here is that the actual averments in the affidavit of probable cause before us do not support a finding of probable cause for the issuance of a search warrant.  Here, the affidavit of probable cause, by its express terms, reflects that the canine search occurred one year before the application for a search warrant was filed.  As such, the search warrant issued in this case was based upon stale information, rendering it constitutionally deficient.  *See Commonwealth v. Jones*, 668 A.2d 114, 118 (Pa. 1995) ("An affidavit must set forth sufficient facts from which the time frame that criminal activities occurred can be determined so that probable cause exists when the search warrant is issued.") (citing *Commonwealth v. Edmunds*, 586 A.2d 887, 891 (Pa. 1991)).  In issuing a search warrant,

the issuing authority "may not consider any evidence outside the affidavits,"[1] Pa.R.Crim.P. 203(B), and reviewing courts may not consider any evidence "other than the affidavit(s) of probable cause," Pa.R.Crim.P. 203(D).  No exception exists to permit a reviewing court to rewrite the affidavit of probable cause to correct a constitutional infirmity after the warrant has been issued and after the search has been conducted.

Finally, I am largely unpersuaded by the Majority's public policy argument that finding a warrant deficient based upon "one temporal misstatement" "could discourage officers from providing specifics for fear that, if they are too specific and misstate one detail, the entire warrant will be invalidated."  *See* Majority Op. at 19.  As discussed herein, the notion that paragraph ten contains a temporal misstatement is mere speculation.  The affidavit of probable cause in this case contains no factual averments that reflect that the canine sweep did not occur on the date set forth in paragraph ten, and the dates of other events referenced in the affidavit run the gamut, both temporally and in terms of their placement relative to one another within the document.  Moreover, I do not share the

---

[1]  At the suppression hearing, over Appellant's objection, the suppression court heard testimony from Detective Lombardo to the effect that the sweep actually occurred on March 21, 2014.  Lombardo characterized his drafting error as merely typographical.  *See* N.T., 11/24/2014, at 7.  Prior to admitting Detective Lombardo's testimony, the suppression court stated, "I think for my purposes, the testimony's going to be important to determine whether the search by the dog had actually been performed a year before or whether it was a typo."  *Id.* at 5.  After briefing on the legal issues, however, the suppression court recognized that Pa. R. Crim. P. 203 prohibited it from considering evidence from outside the affidavit to establish probable cause, and explained that it would disregard Lombardo's testimony.  Suppression Court Op. at 6-7 n. 5 (quoting Pa.R.Crim.P. 203(B), (D)).  I take the suppression court at its word — it is well established that "a judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence."  *Commonwealth v. Davis*, 421 A.2d 179, 183 (Pa. 1980).  Appellant urges us nonetheless to find that the Superior Court erred in considering Lombardo's testimony, in direct conflict with Rule 203.  As the Majority similarly explains, there is nothing in the Superior Court opinion to indicate that it did so.  *See* Majority Op. at 18 n. 10.

Majority's anxiety that a higher standard for excusing a facially stale affidavit would incentivize law enforcement officers to shirk their duties. To the contrary, requiring adherence to constitutional requirements would, in my view, encourage attention to detail and, most importantly, protect the rights of our citizens as guaranteed by the Fourth Amendment.