NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC BRADLEY RALSTON-GONZALES, *Appellant.*

No. 1 CA-CR 19-0371
1 CA-CR 19-0370
(Consolidated)

FILED 5-19-2020

---

Appeal from the Superior Court in Yavapai County
No. V1300CR201680152
V1300CR201680479
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Prescott Law Group PLC, Prescott
By Taylor R. Nelson, J. Andrew Jolley
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S,** Judge:

**¶1** Eric Ralston-Gonzales appeals his convictions and sentences for (1) two counts of aggravated driving under the influence (DUI) and one count of failure to appear in Cause No. V1300CR201680479 and (2) the revocation of probation in Cause No. V1300CR201680152 as a result of the convictions. Because Ralston has shown no error in the superior court's denials of his motions to suppress evidence and to continue the trial, and because his claim of ineffective assistance of counsel may not be raised on direct appeal, this court affirms Ralston's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** This court considers the facts and all reasonable inferences in the light most favorable to sustaining the convictions. *State v. Tucker*, 205 Ariz. 157, 160 n.1 (2003). In March 2016, Ralston pled guilty in Cause No. V1300CR201680152 to possessing drug paraphernalia and driving with a suspended license. The superior court suspended imposition of sentence and placed him on probation.

**¶3** Four days later, a trooper with the Arizona Department of Public Safety (DPS) pulled Ralston over for following another vehicle too closely. Ralston exhibited signs of impairment, and the trooper arrested him for DUI. When Ralston refused to provide a blood sample, the trooper obtained a warrant to draw his blood. The sample tested positive for the presence of methamphetamine. One month later, Ralston did not appear at a mandatory court proceeding regarding the DUI arrest. The State indicted Ralston on two counts of aggravated DUI and one count of failure to appear in the first degree. *See* A.R.S. §§ 13-2507, 28-1381.A.1, 28-1381.A.3, 28-1383.A.1.

**¶4** Before trial, Ralston moved to suppress the blood evidence arguing the trooper furnished false and misleading information in the affidavit he submitted to secure the warrant. Ralston also sought to

continue the trial to secure the presence of a witness. The superior court denied both motions. At trial, the jury found him guilty as charged. The superior court sentenced him as a repetitive offender to concurrent minimum terms of eight years' imprisonment for each DUI conviction and to a consecutive mitigated term of three years' imprisonment on the failure to appear count. Because Ralston's convictions resulted in an automatic revocation of his probation in Cause No. V1300CR201680152, the superior court sentenced him to a consecutive presumptive one-year prison term for the drug paraphernalia count and to a time-served jail term for driving with a suspended license.

¶5        This court has jurisdiction to consider Ralston's timely appeals in both causes, which were consolidated, under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.1.

## ANALYSIS

### I.        The superior court did not abuse its discretion in denying Ralston's motion to suppress.

¶6        At an evidentiary hearing on his motion to suppress, Ralston submitted evidence showing (1) the trooper resigned from DPS after being investigated for misconduct related to his DUI arrests and (2) the trooper's affidavit (and resulting warrant) contained the wrong date and time of the alleged offense.

¶7        Approximately six months after Ralston's arrest, DPS began investigating the trooper's DUI cases for a period including the trooper's contact with Ralston. DPS sustained allegations of misconduct against the trooper based on evidence he had arrested suspects without probable cause and filed reports containing false information, among other misconduct. Though DPS's investigation did not identify any concerns with Ralston's arrest, Ralston argued DPS's findings called into question whether the trooper genuinely observed objective signs of impairment.

¶8        At the evidentiary hearing, the trooper said Ralston "seemed very restless, very erratic," "had bloodshot and watery eyes," and exhibited additional signs of impairment while performing field sobriety tests. The trooper testified he unintentionally included the wrong date and time in the affidavit by re-using a form he had completed in the past. The superior court denied Ralston's suppression motion, as well as his motion for reconsideration.

**¶9**         On appeal, Ralston argues the superior court should have granted his motion because the State did not overcome the prima facie case he made for suppression. This court reviews the denial of a motion to suppress for an abuse of discretion, "considering only the evidence presented at the suppression hearing and viewing it in the light most favorable to sustaining the trial court's ruling." *State v. Havatone*, 241 Ariz. 506, 509, ¶ 11 (2017). This court considers legal issues and mixed questions of law and fact *de novo*. *State v. Spencer*, 235 Ariz. 496, 498, ¶ 8 (App. 2014).

**¶10**         In general, the State carries "the burden of proving by a preponderance of the evidence the lawfulness in all respects of the acquisition of all evidence that the State will use at trial." Ariz. R. Crim. P. 16.2(b)(1). If the challenged evidence was obtained pursuant to a warrant, the State's burden does not arise until the defendant first "alleges specific circumstances and establishes a prima facie case supporting the suppression of the evidence at issue." Ariz. R. Crim. P. 16.2(b)(2)(C); *see also State v. Hyde*, 186 Ariz. 252, 265–68 (1996).

**¶11**         A blood draw by law enforcement is a "search" under the Fourth Amendment and, absent consent, ordinarily requires a warrant supported by probable cause. *See* U.S. Const. amend. IV; *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016); *Spencer*, 235 Ariz. at 498, ¶ 9. Because Ralston's blood was drawn pursuant to a warrant, he was required to "present sufficient evidence to dispel the warrant's presumption of regularity" to go forward with his motion to suppress. *See Hyde*, 186 Ariz. at 269.

**¶12**         Evidence is not lawfully obtained under a warrant if "the affiant's statement to the judge [issuing the warrant] was knowingly or intentionally false or was made in reckless disregard for the truth, and . . . the false statement was necessary to a finding of probable cause." *State v. Spreitz*, 190 Ariz. 129, 145 (1997). An affiant's statement is made in reckless disregard for the truth if "obvious circumstances . . . impeach the credibility of the information in the affidavit." *State v. Carter*, 145 Ariz. 101, 109 (1985).

**¶13**         In making his prima facie case, Ralston presented sufficient evidence which, *if true*, would show (1) the trooper obtained the warrant by either knowingly or intentionally submitting false information or recklessly disregarding the truth and (2) such information was necessary to establish probable cause. The State then offered the trooper's testimony showing Ralston's prima facie case was not true. *See Powell v. Gleason*, 50 Ariz. 542, 549 (1937) ("The words 'prima facie,' as used in statutes and

legal phraseology . . . always implies that the proper party shall have the opportunity of offering proof in rebuttal of the prima facie fact.").

¶14        Contrary to Ralston's argument, his prima facie case did not establish irrebuttable evidence the trooper's stated basis for arresting him lacked credibility. *See Hyde*, 186 Ariz. at 266. Though DPS's investigation cast suspicion on the reliability of the trooper's affidavit, the superior court acted within its discretion when it accepted the trooper's observations of Ralston's impairment. *See State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 (App. 2007) (appellate courts defer to a superior court's factual determinations, including credibility findings). The evidence before the superior court showed DPS's investigation revealed issues with a small number of the trooper's DUI arrests but Ralston's case was not one of them.

¶15        With the trooper's affidavit otherwise found to be reliable, his inaccurate identification of the date and time of Ralston's traffic stop was explainable, and the error was not, by itself, fatal to the lawfulness of the warrant. *See State ex rel. Collins v. Superior Court*, 129 Ariz. 156, 158 (1981) (typographical error in stating date of criminal activity did not render warrant defective absent evidence the error was misleading or confusing). The superior court reasonably found the errors to be unintentional considering the affidavit correctly stated the date it was prepared, the trooper spoke with the judge who issued the warrant on the same day, and the trooper had nothing to gain by misstating the date and time of the offense. *See State v. Buccini*, 167 Ariz. 550, 554 (1991) ("A trial court's finding on whether the affiant deliberately included misstatements of law or excluded material facts is a factual determination, upheld unless clearly erroneous.").

¶16        Ralston also argues the superior court denied him an opportunity to present evidence in support of his motion to suppress. Ralston's claim is belied by the record, which shows the superior court considered his multiple submissions of evidence and argument, and his cross-examination of the trooper, without condition. The argument, therefore, lacks merit.

**II.        The superior court did not abuse its discretion in denying Ralston's motion to continue trial.**

¶17        The trooper stopped Ralston in a residential driveway. About thirty minutes into the stop, after the trooper administered the DUI tests to Ralston and placed him in the patrol car, a woman who knew

Ralston emerged from the residence. With the trooper's permission, she spoke to Ralston for several minutes. The woman then explained to the trooper how she knew Ralston and said Ralston's manner at the time was typical of his behavior when he was "really nervous."

¶18        Ralston's appointed attorney never contacted the woman as a potential witness, possibly because she was a victim in another case on which the attorney served as defense counsel. The woman moved out of state before Ralston's trial.

¶19        Approximately six weeks before trial started, Ralston retained *Knapp* counsel to assist his appointed attorney.[1] *Knapp* counsel did not learn of the potential witness until one month before trial, and he did not obtain her full identity and contact information until a few days before trial. After speaking with the woman, who was willing to testify, *Knapp* counsel moved to continue the trial to obtain funds to fly her to Arizona as a witness. The superior court denied the motion, reasoning Ralston could have secured the witness's presence earlier, the court's calendar would require the trial to be delayed for months, and the witness's testimony—based on counsel's offer of proof—would not contradict the trooper's observations of impairment.

¶20        Ralston argues it was improper for the superior court to deny his motion to continue based on scheduling considerations. The superior court "may continue trial only on a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Ariz. R. Crim. P. 8.5(b). This court reviews the denial of a motion to continue for abuse of discretion and requires the defendant to show prejudice. *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014). Here, the superior court did not abuse its discretion by refusing to continue Ralston's trial.

¶21        Contrary to Ralston's contention, the superior court did not deny a continuance solely based on its calendar. Its other reasons for doing so—that Ralston could have secured the witness's presence earlier and her testimony was unlikely to impact the case—were sound. Though "the unavailability of a key witness" may qualify as an "extraordinary circumstance" under Rule 8.5(b), a court has discretion to deny a continuance if the witness's absence could have been "foreseen and

---

[1] *See Knapp v. Hardy*, 111 Ariz. 107 (1974) (permitting indigent defendant to receive services from privately retained attorney who associates with appointed counsel).

avoided." *State v. Vasko*, 193 Ariz. 142, 144–45, ¶ 11 (App. 1998). Here, Ralston bears the blame for failing to timely identify and contact the potential witness. Ralston personally knew the witness, and the State disclosed the video showing her interaction with Ralston and the trooper almost two years before trial.

**¶22** Ralston also fails to demonstrate the witness's absence caused him prejudice. In seeking the continuance, *Knapp* counsel told the court the witness would testify consistent with her statements heard on the trooper's dashcam video, but counsel could not anticipate what testimony she might provide beyond those statements. Because jurors were able to hear the witness's expected testimony when they watched the video and Ralston can only speculate whether, and how, the witness would have testified beyond those statements, he fails to establish her in-court testimony would have altered the verdicts. *See State v. Cook*, 172 Ariz. 122, 125 (App. 1992).

### III. Ralston's ineffective assistance claim is not reviewable on direct appeal.

**¶23** Ralston argues his appointed counsel provided constitutionally deficient representation. Such contentions may only be raised in a petition for post-conviction relief. *See Spreitz*, 202 Ariz. at 3, ¶ 9.

### CONCLUSION

**¶24** For the reasons set forth above, this court affirms Ralston's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7