665 P.2d 57

In the Matter of the Contravention of SEARCH WARRANTS C–419847 AND C–419848, Donald E. Greehling, Charlotte J. Greehling; Dun Ler Enterprises, Inc., d/b/a Ace Auto Parts, Petitioners-Appellants,

v.

STATE of Arizona, Respondent-Appellee.

No. 16139–PR.

Supreme Court of Arizona,
En Banc.

May 2, 1983.

Rehearing Denied June 8, 1983.

Thomas A. Thinnes, P.A. by Thomas A. Thinnes, Eleanor L. Miller, Phoenix, for petitioners-appellants.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Frank Dawley, Asst. Attys. Gen., Phoenix, for respondent-appellee.

HOLOHAN, Chief Justice.

This is the second opinion issued by this court involving petitioners' case. In our previous opinion we ruled that a motion pursuant to A.R.S. § 13–3922 for the return of property seized under a search warrant is a civil proceeding governed by the law of civil appeals. *Greehling v. State,* Ariz., 662 P.2d 1005 (1982). We retained jurisdiction of the appeal to decide the merits of the case. For a recitation of the facts, see *Greehling v. State, supra.*

The issues raised by this appeal are: 1. Who has the burden of proof under the contravention and restoration of property statute, A.R.S. § 13–3922, and 2. What should be the disposition of the seized property in this case?

It is a fundamental principle that our Constitution protects its citizens against unreasonable searches and seizures. Accordingly, search warrants are issued only upon a showing of probable cause and must describe with particularity the place to be searched and the things to be seized. United States Constitution, Amend. 4. Consonant with this precept is the rule that the state has the burden to prove that property seized without a warrant has nevertheless been lawfully seized under some exception to the warrant requirement. *See Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). If, however, a warrant has been issued, there is a presumption that the warrant is valid, the requisite probable cause having been shown. *See United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *State v. Superior Court,* 129 Ariz. 156, 629 P.2d 992 (1981). It is then the individual's burden to prove the invalidity of the search and seizure. *State v. Warren,* 121 Ariz. 306, 589 P.2d 1338 (App.1978); *State v. Rangel,* 12 Ariz.App. 172, 468 P.2d 623 (1970).

The procedure for controverting the grounds for issuing a search warrant and for securing the return of seized property are combined in A.R.S. § 13–3922 which provides:

"If the grounds on which the warrant was issued are controverted, the magistrate shall proceed to take testimony relative thereto. The testimony given by each witness shall be reduced to writing and certified by the magistrate. If it appears that the property taken is not the same as that described in the warrant, or that probable cause does not exist for believing the items were subject to seizure, the magistrate shall cause the property to be restored to the person from whom it was taken, provided that the property is not such that its possession would constitute a criminal offense."

In this appeal the appellants are not challenging the grounds upon which the search warrant was issued. They seek the return of that property not described in the search warrant.

The statute allows for the restoration of seized property on two grounds: either the property taken is not the same as that described in the warrant; or at the time of the seizure, there was no probable cause to believe that the items taken were subject to seizure. If the person from whom the property was taken challenges the seizure of items not named in the search warrant, the state must establish the legality of the seizure. The search warrant cannot be relied upon as authority to seize items not described in it. The state must show that the property is otherwise subject to seizure. This may be accomplished by the state showing that the property is unlawful to possess (contraband) or that the property is stolen or some other reason why

the property is subject to seizure. The state must make its showing by a preponderance of evidence.

 Unlike a challenge to grounds for issuing a search warrant where the individual bears the burden of proof, the state must bear the burden once an individual establishes that an item seized from him is not described in the search warrant.

The statute, A.R.S. § 13–3922, provides that property not described in the search warrant or otherwise subject to lawful seizure must be returned to the person from whom it was taken.

In the instant case, items not described in the search warrant were seized from the appellants. The state in the hearing before the trial judge offered no evidence to establish probable cause for the seizure of this property. Having failed to carry its burden to show why property seized without a warrant was nevertheless legally seized, the trial judge should have ordered the property not described in the search warrant restored to appellants, the persons from whom the property was taken. Thus, that portion of the judgment of the trial court denying the return to appellant of the property not described in the search warrant is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.