784 P.2d 257

**STATE of Arizona, Appellant,**

v.

**Joseph Starling GREENE, Appellee.**

**No. CR–88–0208–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 10, 1989.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Asst. Atty. Gen., and Richard Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy Maricopa County Atty., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy County Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Justice.

### FACTS

Officer Valinski of the Mesa Police Department went to Apartment # 540 at 1960 West Keating in Mesa, in response to a "family fight-domestic violence" call. This apartment was the residence of the defendant Joseph Starling Greene and his wife, Christine Greene. From outside the apartment, the officer observed the alleged victim of the family fight, Christine Greene, seated at a table inside the apartment. The officer then entered the apartment through an open arcadia patio door to begin his investigation. Because the trial court granted defendant's motion to suppress, we assume, for purposes of this appeal, that any material factual disputes were resolved in favor of defendant.

Present in the apartment at the time of the officer's entry were Mrs. Green, her baby, and her mother. Mrs. Greene told Valinski that her husband had beaten her, smashed up the living room and bathroom,

and then fled in her car. The officer obtained a physical description of the defendant from Mrs. Greene and also received information from her concerning the defendant's probable destination. Mrs. Greene then showed the officer the damage to the bathroom caused by defendant. The officer went to his car, got a camera, returned to the apartment, and took several photos depicting damage to the bathroom. As he was surveying and photographing the bathroom damage, Mrs. Greene continued to converse with him. She also began to gather items she needed to vacate the premises on a temporary basis. While doing so, she went into a bedroom, the door to which was directly across a narrow hall from the bathroom door where the officer stood. She continued to talk to the officer from the bedroom. Because the officer could hear Mrs. Greene talking to him but could no longer understand what she was saying, he followed her into the bedroom.

While the two talked in the bedroom, the officer noticed two Hawaiian leis hanging on the doorknob of the closet. He recalled a very recent sexual assault case in the vicinity in which the assailant wore Hawaiian leis around his neck and whose description matched that of defendant. After questioning Mrs. Greene about her husband's whereabouts the night of the sexual assault, the officer suspected that defendant committed the sexual assault. He later relayed information concerning the leis to his supervisor. At no time did Mrs. Greene or anyone else object, either expressly or implicitly, to the officer's presence at the apartment or in the bedroom.

At a later date, defendant was arrested on a probation violation warrant. After a detective informed defendant about the leis and about Valinski's conversation with defendant's wife, defendant confessed to the sexual assault. Based on Valinski's information and the confession, a search warrant was obtained and executed. The leis and some other items were seized. Defendant moved to suppress both the physical evidence and the confession. After a hearing, the trial court granted the motion in its entirety, ruling that the leis were obtained through an illegal search and that the confession was fruit of the illegal search.

The state appealed the suppression order. The court of appeals, by memorandum decision, affirmed the suppression order but remanded the case to the trial court to consider whether Valinski's alleged violation was in good faith under A.R.S. § 13–3925.

## ISSUE AND JURISDICTION

Defendant petitioned this court for review on the issue of the applicability and constitutionality of the "good faith statute," A.R.S. § 13–3925. The state cross-petitioned, challenging the suppression order. We granted the state's petition and denied defendant's petition. Thus, we reach only the question of the validity of the suppression order. We do not reach or decide any questions concerning either the applicability or the constitutionality of A.R.S. § 13–3925, commonly referred to as the "good faith statute." We have jurisdiction under article 6, § 5(3) of the Arizona Constitution, and Rule 31.19 of the Arizona Rules of Criminal Procedure.

## DISCUSSION

Defendant contends Officer Valinski's warrantless entry into the home and the bedroom violated his fourth amendment right to be free from unreasonable searches. A search conducted without a warrant is unconstitutional absent one of the specific and well-established exceptions to the warrant requirement. *State v. Castaneda*, 150 Ariz. 382, 389, 724 P.2d 1, 8 (1986). Because Officer Valinski had no warrant, we must determine whether his entry and "search" fall within one of these exceptions. We hold they do and therefore reverse the suppression order.

The trial court ruled that "the evidence does not show exigent circumstances for a warrantless entry to the defendant's apartment." We disagree and hold that Officer Valinski's initial entry into Greene's apartment falls within the exigent circumstance exception to the warrant requirement. Under this exception, a warrantless

entry can be made into a dwelling if the circumstances are "those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search until a warrant could be obtained." *United States v. Robertson,* 606 F.2d 853, 859 (9th Cir.1979); *see also State v. Fisher,* 141 Ariz. 227, 240, 686 P.2d 750, 763, *cert. denied,* 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984).

■ Valinski was dispatched to defendant's residence in response to a "family fight-domestic violence" call. These calls commonly involve dangerous situations in which the possibility for physical harm or damage escalates rapidly. The immediate presence of the officer is essential. To require an officer to obtain a search warrant before entering a dwelling in response to a domestic violence call would be a meaningless delay that could lead to the occurrence of otherwise preventable violence. *See State v. Tassler,* 159 Ariz. 183, 185, 765 P.2d 1007, 1009 (App.1988) ("In responding to a call regarding spousal assault, officers must have the freedom to prevent further abuse."); (citing 2 W. La-Fave, Search & Seizure 605 (2d ed. 1987)). The call itself creates a sufficient indication that an exigency exists allowing the officer to enter a dwelling if no circumstance indicates that entry is unnecessary. *See Welsh v. Wisconsin,* 466 U.S. 740, 749–51, 104 S.Ct. 2091, 2097–98, 80 L.Ed.2d 732, 742–43 (1984) (gravity of offense is important factor to consider when determining whether exigency exists).

■ Once the officer entered the apartment pursuant to the exigency, he could lawfully take steps "reasonably related to the routine investigation of the offense and the identification of the perpetrator," *State v. Fleischman,* 157 Ariz. 11, 15, 754 P.2d 340, 344 (App.1988), which steps could have included a protective walk-through of the dwelling. *United States v. Salvador,* 740 F.2d 752 (9th Cir.1984). In

this case, the leis were observed during the officer's routine, and proper, investigation.[1]

A trial court has discretion to admit or exclude evidence. *State v. Carter,* 145 Ariz. 101, 110, 700 P.2d 488, 497 (1985). However, the record here shows, as a matter of law, that the officer's entry was proper and the evidence was legally observed. At a later date, the evidence was properly seized pursuant to a search warrant. The trial court abused its discretion by suppressing the physical evidence and the confession.

## DISPOSITION

We vacate the court of appeals' memorandum decision in this matter and set aside the trial court's suppression order. This case is remanded to the trial court for further proceedings in accordance with this opinion.

GORDON, C.J., and FELDMAN, V.C.J., and CAMERON, J., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.

---

1. We note that the officer's entry into the apartment could also be justified under an implied consent theory if it were clear that the call to the police was made by Mrs. Greene or someone acting at her behest. *Fleischman, supra.*