979 P.2d 539

**David RODRIGUEZ, Petitioner,**

v.

**The Honorable Silvia ARELLANO, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**and**

**Richard M. Romley, the Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–SA 99–0051.**

Court of Appeals of Arizona, Division 1, Department E.

May 13, 1999.

---

Richard M. Romley, Maricopa County Attorney by E. Catherine Leisch, Deputy County Attorney Attorneys, Phoenix, for Real Party in Interest.

Dean W. Trebesch, Maricopa County Public Defender by Vikki M. Liles, Deputy Public Defender Attorneys, Phoenix, for Petitioner.

## OPINION

FIDEL, Presiding Judge.

¶1 When a criminal defendant moves to suppress the fruits of an allegedly illegal search, our Rules of Criminal Procedure allocate to defendant the initial burden of going forward. *See* Ariz. R.Crim. P. 16.2(b). The question presented in this special action is whether a defendant may satisfy this burden by proving the lack of a warrant. We answer in the affirmative.

### BACKGROUND

¶2 After the State filed an information charging David Rodriguez (Defendant) with various drug offenses, Defendant filed a motion to suppress evidence seized as the result of an allegedly illegal search. Defendant's motion set forth facts and circumstances of the search and seizure, alleged that the search was conducted without a warrant, pointed out that warrantless searches are presumptively unreasonable under the Fourth Amendment, and provided authority for that proposition.

¶3 The State did not respond in writing; instead, it awaited the suppression hearing and moved orally to strike Defendant's motion for failure to comply with Rule 16.2(b), Arizona Rules of Criminal Procedure. Conceding that police seized the evidence against Defendant during a search conducted without a warrant, the State argued that Defendant could not sustain his burden of going forward under Rule 16.2(b) by proving this fact alone.[1] The trial court agreed and

1. The State also argued to the trial court that Defendant had not pled his motion to suppress with adequate detail to satisfy the requirements of Rule 35.1(a), Arizona Rules of Criminal Proce-

struck Defendant's motion with leave to re-file. This special action followed.

## SPECIAL ACTION JURISDICTION

¶ 4 This court routinely declines to exercise special action jurisdiction to review denials of motions to suppress, and that practice will continue. We make an exception in this case because the trial court did not deny suppression on the merits after conducting an evidentiary hearing; instead, the trial court based its ruling upon a mistaken legal interpretation of Rule 16.2(b), Arizona Rules of Criminal Procedure. By correcting the trial court's misinterpretation of the rule, we do not merely relieve an error in a single case; we resolve a question of law, of constitutional magnitude, and of statewide importance to many cases. *See, e.g., Department of Revenue v. Superior Ct.*, 189 Ariz. 49, 50–51, 938 P.2d 98, 99–100 (App.1997); *Pompa v. Superior Ct.*, 187 Ariz. 531, 533, 931 P.2d 431, 433 (App.1997).

¶ 5 The question has statewide importance because how to allocate the evidentiary burdens under Rule 16.2(b) in warrantless search cases is a recurring bone of contention in the trial courts. By resolving the disputed meaning of this much-used rule of criminal procedure, we may remove a source of unnecessary expense, confusion, and delay at the critical pretrial stage of criminal proceedings. *See Department of Revenue*, 189 Ariz. at 51, 938 P.2d at 100; *Pompa*, 187 Ariz. at 533, 931 P.2d at 433.

¶ 6 Further, to decline jurisdiction would force Defendant to choose between two untenable options: (1) proceeding to trial without exercising his right to challenge the legality of the State's evidence under the Fourth Amendment, or (2) refiling his motion to suppress, accepting the trial court's mistaken allocation of the evidentiary burdens under Rule 16.2, and assuming a burden properly belonging to the State. Neither option protects, nor could an appeal later restore, the procedural posture that Defendant is constitutionally entitled to enjoy. Thus, we find that Defendant lacks an adequate remedy by appeal.

## ALLOCATION OF BURDENS UNDER RULE 16.2

¶ 7 Rule 16.2(b) of the Arizona Rules of Criminal Procedure provides:

> The prosecutor shall have the burden of proving, by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which the prosecutor will use at trial. However, whenever the defense is entitled under Rule 15 to discover the circumstances surrounding the taking of any evidence by confession, identification or search and seizure, or defense counsel was present at the taking, or the evidence was obtained pursuant to a valid search warrant, the prosecutor's burden of proof shall arise only after the defendant has come forward with evidence of specific circumstances which establish a prima facie case that the evidence taken should be suppressed.

The rule puts the "burden of going forward" on a defendant who "moves to suppress evidence that the state has obtained under defined circumstances." *State v. Hyde*, 186 Ariz. 252, 266, 921 P.2d 655, 669 (1996). The party who bears the burden of going forward must "produce sufficient preliminary evidence *before* the party with the burden of

---

dure. Specifically, the State argued that Defendant's motion was deficient because he failed to accompany it with evidence establishing a prima facie case for suppression. This argument was mistaken, for it confused the necessity to *allege* a prima facie case under Rule 35.1(a) with the necessity to *prove* a prima facie case under Rule 16.2. A motion to suppress need not be accompanied by evidence. Rule 35.1 requires that "all motions ... contain a short, concise statement of the precise nature of the relief requested, [and] ... be accompanied by a brief memorandum stating the specific factual grounds therefor and indicating the precise legal points, statutes, and authorities relied upon...." Ariz. R.Crim. P.

35.1(a). It suffices under this rule for a defendant to make allegations of fact that, if proved, would entitle the defendant to suppression; the obligation to prove a prima facie case for suppression is imposed by Rule 16.2 and attaches at the hearing, not the motion, stage. We therefore conclude that Defendant's motion plainly satisfied the requirements of Rule 35.1(a), and we limit our further discussion to the more substantial question whether Defendant satisfied the prima facie proof requirements of Rule 16.2 by establishing, through the State's concession, the uncontested fact that the evidence urged to be suppressed was the product of a warrantless search.

persuasion must proceed with its evidence." *Id.*

¶ 8 The State and Defendant agree that, under the express language of Rule 16.2(b), Defendant bears the burden of "com[ing] forward with evidence of specific circumstances which establish a prima facie case that the evidence taken should be suppressed." They disagree whether Defendant has met that burden. Defendant argues that, because a warrantless search is presumptively unconstitutional, he satisfied his prima facie burden under Rule 16.2(b) simply by establishing that the search was warrantless. *See, e.g., State v. Fisher,* 141 Ariz. 227, 237, 686 P.2d 750, 760 (1984) ("[w]arrantless searches are *per se* unreasonable" under the Fourth Amendment). The State argues in response that, because various exceptions to the warrant requirement exist, Defendant must make a prima facie showing that none of these exceptions applies in order to satisfy his burden under Rule 16.2(b).

■ ¶ 9 Neither law nor logic supports the State's position. The State acknowledges that warrantless searches are presumptively unreasonable under the Fourth Amendment, "subject only to a few specifically established, 'jealously and carefully drawn' exceptions." *Fisher,* 141 Ariz. at 237, 686 P.2d at 760 (quoting *Jones v. United States,* 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958)); *see also, e.g., State v. Vasquez,* 167 Ariz. 352, 354, 807 P.2d 520, 522 (1991); *State v. Greene,* 162 Ariz. 431, 432, 784 P.2d 257, 258 (1989); *State v. Castaneda,* 150 Ariz. 382, 389, 724 P.2d 1, 8 (1986). Our supreme court has attributed this same presumption to Article 2, § 8 of the Arizona Constitution. *See State v. DeWitt,* 184 Ariz. 464, 910 P.2d 9 (1996).

¶ 10 To establish the presumptive invalidity of a search *is* to establish a prima facie case for suppression; an unrebutted presumption carries the day. *See In re Westfall's Estate,* 74 Ariz. 181, 186, 245 P.2d 951, 955 (1952). Further, it would be awkward, wasteful, and illogical to put the beneficiary of the presumption to the task of advancing evidence tending to disprove the potential applicability of any possible exception the State might later invoke. The only sensible

method of proceeding is rather to oblige the State to invoke, and get on with proving, whatever particular exceptions that it claims apply. *See generally* Ariz. R.Crim. P. 16.2(b) ("The prosecutor shall have the burden of proving ... the lawfulness in all respects of the acquisition of all evidence...."); *Hyde,* 186 Ariz. at 266, 921 P.2d at 669 ("Under rule 16.2(b), the burden of persuasion originates and remains with the state."); *see also Fisher,* 141 Ariz. at 237, 686 P.2d at 760 (State must prove that an exception to the warrant requirement applies); *Search Warrants C–419847 & C–419848 v. State,* 136 Ariz. 175, 176, 665 P.2d 57, 58 (1983) (same).

¶ 11 *State v. Hyde* supports the conclusion that this sensible method of proceeding is also the required method of proceeding. In *Hyde,* the only Arizona case that directly addresses Rule 16.2(b)'s allocation of burdens, our supreme court discussed with approval the "'warrant/no warrant' dichotomy" recognized by federal and a majority of state courts. 186 Ariz. 252, 270, 921 P.2d 655, 673 (1996) (citing 5 Wayne R. LaFave, *Search & Seizure* § 11.2(b) at 38–39 (3d ed.1996)). The court explained the dichotomy as follows:

> [I]f the challenged evidence was obtained under authority of a warrant, defendant bears the burden of going forward with some evidence to show that the challenged evidence was illegally obtained. If the challenged evidence was obtained without a warrant, the state carries the entire evidentiary burden. This dichotomy is justifiable because the magistrate's determination of probable cause in issuing a warrant is presumed to be legal, and because shifting some of the evidentiary burden to defendants in warrant cases further encourages police to obtain warrants.

*Id.* at 270, 921 P.2d at 673 (citations omitted); *see also* LaFave, *supra* at 38–39.

■ ¶ 12 The State acknowledges *Hyde*'s approval of the warrant/no warrant dichotomy. The State argues, however, that *Hyde* stands as authority only for the warrant half of the dichotomy, as the supreme court was only required, given the facts of that case, to decide the evidentiary burdens that flow from the presence, not the absence, of a

warrant.[2]  We find this argument as unpersuasive as we find *Hyde* definitive.  Lest there be any doubt, however, we now hold that both halves of the warrant/no warrant dichotomy apply in the Arizona courts.  Stated in terms of Rule 16.2(b), this means that a defendant who establishes that evidence was seized pursuant to a warrantless search has satisfied the burden of going forward under the rule and has triggered the State's burden of proving the lawfulness of the acquisition of the challenged evidence.

¶ 13 For the foregoing reasons, we accept jurisdiction of this special action, vacate the trial court's order granting the State's motion to strike Defendant's motion to suppress, and remand for proceedings consistent with this opinion and Rule 16.

E.G. NOYES, JR., Judge, concurs.

WEISBERG, Judge, Dissenting.

¶ 14 Although I agree with the majority's substantive analysis, I respectfully dissent because I conclude that this case does not warrant special action jurisdiction.

¶ 15 To begin, the denial of a typical motion to suppress cannot merit the exercise of special action jurisdiction.  If that were so, this court would be opening floodgates of petitions beyond its capacity.

¶ 16 What, then, makes this petition special?  The majority concludes that Defendant would otherwise be forced to trial without having the opportunity to assert his Fourth Amendment rights or have to refile his motion to suppress and assume a burden properly belonging to the State.  While that may be so, it does not explain why any error cannot be corrected on appeal, which makes special action relief unavailable.  *See* R.P. Spec. Act. 1(a);  *see also State ex rel. Collins v. Superior Crt.,* 129 Ariz. 156, 159, 629 P.2d 992, 995 (1981);  *State ex rel. Hyder v. Superior Crt.,* 114 Ariz. 337, 339, 560 P.2d 1244, 1246 (1977).

¶ 17 The majority has added that the issue presented here is of law, of first impression, of constitutional magnitude, and of statewide importance.  I can agree, however, only to the first because Defendant has provided nothing on this record to conclude otherwise.

¶ 18 This record depicts only one trial judge who has made one wrong decision.  Although Defendant has asserted that the State has applied "similar tactics" in other cases, he has failed to support his claim.  Nonetheless, based on Defendant's unsupported assertion, the majority has accepted special action jurisdiction.

¶ 19 To accept jurisdiction in such a case-specific matter is inappropriate because it encourages Defendants to treat special action proceedings as the means of resolving disputes over any motion to suppress.  For this reason, I would decline jurisdiction.

---

2.  The defendant in *Hyde* challenged the legitimacy of an arrest warrant and sought suppression of evidence seized in the execution of that warrant.  He argued that because Rule 16.2(b) refers only to search warrants, it does not oblige a defendant to make a prima facie case for suppression of evidence seized during the execution of an arrest warrant.  In rejecting that contention, the court endorsed the warrant/no warrant dichotomy.  *See Hyde,* 186 Ariz. at 268, 921 P.2d at 671; Ariz. R.Crim. P. 16.2(b).