NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FREDDIE GENE CRUZ, *Petitioner*.

No. 1 CA-CR 16-0405 PRPC
FILED 9-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-426904-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Freddie Gene Cruz, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined

**B R O W N**, Judge:

¶1        Petitioner Freddie Gene Cruz petitions this court for review from the dismissal of his petition for post-conviction relief. Because Cruz has raised a colorable claim of ineffective assistance of trial counsel, we grant review and grant relief.

¶2        Cruz was convicted by a jury of possession or use of dangerous drugs and possession of drug paraphernalia, and was sentenced to prison. Prior to trial, Cruz's attorney filed a "Motion to Suppress Physical Evidence and Defendant's Statements" ("motion to suppress"), and requested an evidentiary hearing, but the superior court summarily denied the motion without a hearing. This court affirmed his convictions and sentences on appeal in *State v. Cruz*, 1 CA-CR 14-0272, 2015 WL 3536709 (Ariz. App. June 5, 2015) (mem. decision).[1]

¶3        Cruz filed a timely pro se petition for post-conviction relief in the superior court claiming ineffective assistance of trial counsel relating to the motion to suppress. After briefing, the superior court dismissed his petition. Cruz then filed a timely petition for review to this court reiterating his claims of ineffective assistance of trial counsel, including failure to obtain an evidentiary hearing on the suppression issues, cite applicable case law, fully argue that his detention pursuant to a city code violation was illegally prolonged, and assert that search of his pocket, when he agreed to a pat-down for weapons, exceeded the scope of what is permitted by *Terry v. Ohio*, 391 U.S. 1 (1967).

¶4        In the superior court, Cruz attached an affidavit to his petition asserting his version of the facts pertinent to the search and seizure. Cruz claimed the officer asked for permission to conduct a pat-down for weapons, and he agreed to that request only. The officer then reached into Cruz's coin pocket, pulled out a small baggie, proceeded to question him about what was in the bag, and eventually arrested him for a drug offense.

¶5        "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). However, when

---

[1]    This court noted that Cruz did not challenge the lack of an evidentiary hearing on appeal. *Cruz*, 1 CA-CR 14-0272, at *1 n.2, ¶ 4. Additionally, Cruz did not raise ineffective assistance of appellate counsel in his petition for post-conviction relief or petition for review, so we do not address that issue.

doubt exists, an evidentiary hearing should be held. *Id.*; *see* Ariz. R. Crim. P. 32.8(a) ("The defendant shall be entitled to a hearing to determine issues of material fact, with the right to be present and to subpoena witnesses.").

¶6        To prevail on a claim of ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" as defined by "prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must also "show that the deficient performance prejudiced the defense." *Id.* at 687. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show prejudice from counsel's failure to file a motion to suppress evidence, a defendant must show there is a reasonable likelihood the trial court would have granted the motion and it would have changed the result of the trial proceedings. *State v. Berryman*, 178 Ariz. 617, 622 & n.3 (App. 1994). "[S]trategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690.

¶7        Some of Cruz's allegations may fall into the category of "strategic choices" by counsel; however, Cruz's allegation that his counsel failed to pursue his entitlement to an evidentiary hearing on the suppression issues cannot be summarily disregarded as "strategic." Neither trial counsel nor the prosecutor informed the court that Cruz was *entitled* to a hearing on his motion to suppress pursuant to *Rodriguez v. Arellano*, 194 Ariz. 211 (App. 1999), which holds that once defendants establish a warrantless search occurred, they have met their prima facie burden under Arizona Rule of Criminal Procedure 16.2(b), "trigger[ing] the State's burden of proving the lawfulness of the acquisition of the challenged evidence." 194 Ariz. at 215, ¶ 12. Additionally, trial counsel failed to assert entitlement to a hearing pursuant to *State v. Peterson*, 228 Ariz. 405 (App. 2011), which holds that a defendant may be *entitled* to a hearing for an alleged *Miranda* violation by making "allegations which, if proved, would entitle him or her to suppression." 228 Ariz. at 408, 410, ¶¶ 9, 15.

¶8        In the motion to suppress, Cruz's trial counsel alleged a warrantless search and a *Miranda* violation. Because Cruz was entitled to an evidentiary hearing on the suppression issues raised, the trial court erred in summarily denying the motion without first conducting an evidentiary hearing. Trial counsel, however, failed to object to the court's ruling.

¶9        As a result, the State was not required to produce evidence to meet its burden of justifying a warrantless search and demonstrating why

Cruz's statements did not violate *Miranda*. *See* Ariz. R. Crim. P. 16.2(b). And Cruz should have been given the opportunity to challenge the reliability of the State's evidence. Thus, we cannot view trial counsel's decision to forego Cruz's right to an evidentiary hearing as strategic. *See Rodriguez*, 194 Ariz. at 212 n.1, ¶ 3 (explaining that "the obligation to prove a prima facie case for suppression is imposed by Rule 16.2 and attaches at the hearing, not the motion, stage"). As such, trial counsel's failure to affirmatively assert entitlement to an evidentiary hearing, and object to the lack thereof, constitutes a colorable claim of ineffective assistance of counsel. *See State v. Runningeagle*, 176 Ariz. 59, 63 (1993) (stating that defendants are entitled to an evidentiary hearing on a petition for post-conviction relief when they "present[] a colorable claim—one that, if the allegations are true, might have changed the outcome"). Because Cruz presents a colorable claim, he is entitled to a hearing on his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.8.[2]

**¶10**        Accordingly, we grant relief and remand to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]        Given this analysis, we deny as moot Cruz's Request to File Supplemental Authority.