NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH ADAM DAZEN, *Appellant.*

No. 1 CA-CR 19-0339
1 CA-CR 19-0378
(Consolidated)
FILED 5-10-2022

Appeal from the Superior Court in Maricopa County
No. CR2017-152063-001
CR2018-106930-001
The Honorable Justin Beresky, Judge
The Honorable George H. Foster, Jr., Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1            Joseph Adam Dazen appeals his conviction for misconduct involving weapons in CR2018-106930-001, the resulting revocation of his probation in CR2017-152063-001, and the sentences imposed. For the following reasons, we affirm as modified.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            Phoenix Police Officers DiCarlo and Carnahan were on patrol when they observed Dazen in an alley standing close to and facing a wall. The officers believed Dazen had been urinating in the alley, and decided to investigate because the area was known for high incidents of criminal activity. The officers confronted Dazen, who appeared nervous and was shaking and sweating, and asked for his identification. Dazen told the officers that he had not been urinating but had been adjusting his back brace. The officers told Dazen they needed to run his identification before he was free to leave.

¶3            When Officer DiCarlo left to run Dazen's identification, Carnahan observed Dazen fidgeting with the front of the waistband of his pants, which led Carnahan to believe, based on his training and experience, that Dazen had a weapon in his pants. Officer Carnahan patted Dazen down and felt a handgun in his waistband. Dazen confirmed it was a gun, and Carnahan removed the gun from Dazen's waistband. After determining that Dazen was a prohibited possessor the officers arrested him.

¶4            The State charged Dazen with misconduct involving weapons based on his status as a prohibited possessor and sought to revoke his probation. Dazen subsequently moved to suppress evidence of the handgun, arguing the encounter with Officers DiCarlo and Carnahan violated his Fourth Amendment rights. Without conducting an evidentiary hearing as requested by Dazen, the superior court denied the motion.

¶5 The jury returned a guilty verdict. Because the verdict automatically resulted in a violation of Dazen's probation conditions, the superior court revoked his probation and imposed consecutive sentences. Dazen timely appealed.

¶6 In our memorandum decision filed in August 2020, we vacated the superior court's order denying Dazen's motion to suppress, stayed the appeal, and remanded to the superior court to allow the court to hold a suppression hearing. *State v. Dazen*, 1 CA-CR 19-0339, 2020 WL 4782285, at *4, ¶ 18 (Ariz. App. Aug. 18, 2020) (mem. decision); s*ee State v. Gasbarri*, 248 Ariz. 619, 622, ¶ 11 (App. 2020) ("[A] trial court must first have evidence—not merely arguments of counsel—on which it can base its ruling before it may rule on a motion to suppress."). We did not address the sentencing issues Dazen raised on appeal.

¶7 The superior court held an evidentiary hearing on Dazen's motion to suppress in February 2022. The State called Officers DiCarlo and Carnahan as witnesses, and Dazen chose to testify. After the hearing, the superior court denied the motion to suppress, finding that Dazen's Fourth Amendment rights had not been violated. Dazen and the State filed supplemental briefs, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 13-4033(A)(1).

**DISCUSSION**

I.    Motion to Suppress

¶8 We defer to the superior court's factual findings "including findings on credibility and the reasonableness of the inferences drawn by the officer." *State v. Moreno*, 236 Ariz. 347, 350, ¶ 5 (App. 2014) (citation omitted), and consider only the evidence that was presented at the suppression hearing, *State v. Garcia*, 224 Ariz. 1, 7, ¶ 6 (2010). We view the evidence in the light most favorable to upholding the superior court's ruling. *State v. Teagle*, 217 Ariz. 17, 20, ¶ 2 (App. 2007). We review de novo the superior court's legal determination of whether a search complies with the Fourth Amendment, *State v. Valle*, 196 Ariz. 324, 326, ¶ 6 (App. 2000), and will uphold the suppression ruling "if legally correct for any reason supported by the record." *Moreno*, 236 Ariz. at 350, ¶ 5.

¶9 The Fourth Amendment protects people from unreasonable searches and seizures. *Scott v. United States*, 436 U.S. 128, 137 (1978). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). However, the United States Supreme Court has recognized that

some seizures are significantly less intrusive than an arrest and may be "reasonable," thus withstanding scrutiny under the Fourth Amendment without probable cause. *Michigan v. Summers*, 452 U.S. 692, 697-98 (1981).

**¶10**　　　　As a result, if an officer has "reasonable suspicion" that a person is engaged in criminal activity, the officer may investigate and briefly detain the person to "effectuate the purpose of the stop [and] . . . the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Florida v. Royer*, 460 U.S. 491, 500 (1983). During such a seizure, a "*Terry* pat-down" or "protective frisk" permits officers to conduct a weapon search limited to the outside of clothing in order to protect themselves and others in circumstances where they lack probable cause to make an initial arrest. *Terry*, 392 U.S. at 27, 29-30, 34.

**¶11**　　　　Whether a *Terry* pat-down is constitutionally valid further turns on whether a police officer who reasonably suspects that criminal activity is "afoot" encounters a person consensually. During a consensual encounter, the officer may permissibly conduct a *Terry* pat-down if the officer reasonably believes the person is both armed *and* dangerous. *State v. Serna*, 235 Ariz. 270, 275, ¶¶ 21-22 (2014); *see Gastelum v. Hegyi*, 237 Ariz. 211, 213, ¶ 6 (App. 2015) (discussing *Serna*). If the encounter is non-consensual, a *Terry* pat-down is constitutionally justified if the officer reasonably believes only that the person is armed; whether he or she also presents a danger is not required for Fourth Amendment purposes. *Gastelum*, 237 Ariz. at 214, ¶ 11.

**¶12**　　　　A defendant seeking to suppress evidence based on a purported Fourth Amendment violation must initially establish a *prima facie* violation. *State v. Hyde*, 186 Ariz. 252, 266 (1996); *see also* Ariz. R. Crim. P. 16.2(b). Such a burden is preliminarily met when the defendant establishes the evidence was seized pursuant to a warrantless search. *Rodriguez v. Arellano*, 194 Ariz. 211, 215, ¶ 12 (App. 1999). If the defendant successfully meets that burden, the State can avoid the exclusionary rule by proving with a preponderance of the evidence that the seizure ultimately comported with the Fourth Amendment through, for example, application of a recognized exception to the warrant requirement such as a *Terry* stop. Ariz. R. Crim. P. 16.2(b)(1); *Gasbarri*, 248 Ariz. at 621, ¶ 8.

**¶13**　　　　Here, the superior court found that the State established by a preponderance of the evidence that the seizure of the gun comported with the Fourth Amendment because it complied with the *Terry*-stop exception. We agree. Officers DiCarlo and Carnahan testified that they suspected

Dazen was committing the crime of public urination when they contacted him. While investigating, Dazen was not free to leave and the encounter was non-consensual. Officer Carnahan observed Dazen fidgeting with the front of the waistband of his pants, which led him to believe that Dazen had a weapon in his pants. Accordingly, the *Terry* pat-down was justified. *See State v. Watkins*, 207 Ariz. 562, 568, ¶ 22 (App. 2004) ("Furtive movements near the waist support the inference that a person may be armed."). We find no error in the superior court's determination that the seizure was constitutionally valid.

II.    Sentencing Issues

¶14    Dazen argues he is entitled to have presentence incarceration credit applied to his 4.5-year sentence in CR2018-106930-001 (1 CA-CR 19-0378), the misconduct involving weapons case. The State concedes error and additionally requests we amend the sentencing minute entry to properly reflect the conviction is repetitive and the sentence is presumptive. We agree.

¶15    First, it is clear from the court's pronouncement at sentencing that the one-year sentence in the probation revocation matter, CR2017-152063-001 (1 CA-CR 19-0339), will be served first, followed by the 4.5-year sentence for the misconduct involving weapons conviction. Second, the parties agree the court determined Dazen was entitled to 468 days of presentence incarceration credit. Of that credit, 365 days should be applied to Dazen's one-year sentence in the probation revocation matter. The remaining 103 days should be applied to the consecutive sentence in the weapons case. The superior court's award of zero days credit in the weapons case was therefore error. By awarding credit first to the probation revocation matter and the remaining credit to the weapons conviction, Dazen is not improperly receiving a "double credit windfall," which is a result the superior court wished to avoid, but rather he is properly receiving credit for each day of confinement before sentencing. *Cf. State v. McClure*, 189 Ariz. 55, 57 (App. 1997).

¶16    It is similarly clear from the record that the court intended to sentence Dazen in the weapons case to the presumptive 4.5-year term as a class two repetitive offender. *See* A.R.S. § 13-703(B), (I). The amended sentencing order, however, erroneously refers to the offense as non-repetitive and the sentence as "greater than Aggravated[.]"

¶17    Accordingly, based on our authority under A.R.S. § 13-4037, we modify the order of confinement and disposition hearing order in

CR2017-152063-001 filed respectively on June 12 and 13, 2019, to reflect Dazen's presentence incarceration credit is 365 days. We also modify the amended order of confinement and amended sentencing minute entry in CR2018-106930-001 filed respectively on June 13 and 14, 2019, to reflect presentence incarceration credit of 103 days, the offense is repetitive, and that the sentence imposed is presumptive. *See State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994) ("When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary.").

## CONCLUSION

¶18        For the foregoing reasons, we affirm as modified.



AMY M. WOOD • Clerk of the Court
FILED:    AA