NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM VINCENT THOMPSON, *Appellant.*

No. 1 CA-CR 19-0329
FILED 7-30-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-145079-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1** William Vincent Thompson ("Thompson") appeals the superior court's denial of his motion to suppress evidence recovered by police during a search of his home. Thompson argues the search was unlawful because it was authorized by a warrant premised on information gained in an unlawful protective sweep. For the foregoing reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2** On October 1, 2017, Tempe police officers responded to an incident where a neighborhood resident, Thompson, threatened and pointed a gun at several individuals on his street after an argument about parking. When officers arrived at the scene, Thompson was inside his house. Officers set up a perimeter around the house, contacted Thompson by phone, and detained Thompson after he exited his residence. Thompson did not have on him the gun used in the incident.

**¶3** After detaining Thompson, officers conducted a protective sweep of Thompson's residence to assure no one else was inside the house. During the sweep, officers observed three jars of marijuana in a bedroom closet.

**¶4** Officers applied for a search warrant to find the gun used in the incident and to seize the marijuana observed during the protective sweep. The court issued the warrant, authorizing officers to search

---

[1] "In reviewing a motion to suppress, we review only the facts presented to the superior court at the suppression hearing" and view those facts in the light most favorable to sustaining the superior court's decision. *State v. Mendoza-Ruiz*, 225 Ariz. 473, 474, ¶ 2 n.1 (App. 2010); *accord State v. Goudeau*, 239 Ariz. 421, 439, ¶ 26 (2016) (citing *State v. Manuel*, 229 Ariz. 1, 4, ¶ 11 (2011)).

Thompson's residence and the vehicle in his driveway for the gun, firearm-related paraphernalia, or items to establish Thompson's ownership of the gun, as well as the marijuana and any drug paraphernalia. As relevant here, in executing the warrant officers found and seized a .22-caliber handgun, three magazines of ammunition, nine unspent rounds of ammunition, and the previously-observed jars of marijuana.

¶5 Thompson filed a motion to suppress the evidence seized during the search, arguing the initial protective sweep was unlawful because there were no specific and articulable facts to suggest that anyone else was in Thompson's residence. Thompson contended that because the sweep was unlawful, the eventual search was also unlawful because it was based on a warrant containing information gained during the unlawful sweep.

¶6 First, the state contended that the sweep was lawful based on the officers' general safety concerns, and so the resulting warrant was valid. Second, the state argued that even if the sweep was unlawful and information related to it was excised from the warrant, there was still adequate evidence to establish probable cause, and the warrant was valid. Finally, the state argued that even if there was not probable cause, the evidence should not be excluded because the officers acted in good faith reliance on the warrant.

¶7 The court denied the motion to suppress, finding first that the protective sweep was unlawful because there were no specific and articulable facts to suggest someone else was in the home and second, that even without the information gained during the protective sweep, there was still probable cause supporting the issuance of a search warrant for Thompson's residence and vehicle.

¶8 Thompson was eventually found guilty of three counts of aggravated assault and pled guilty to one count of possession of narcotic drugs. He was sentenced to 6.5 years in prison. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

**ANALYSIS**

I. *Standard of Review*

¶9 We review a denial of a motion to suppress for an abuse of discretion; however, we review *de novo* the superior court's determination

3

as to the existence of probable cause. *Goudeau*, 239 Ariz. at 439, ¶ 26. "A trial court abuses its discretion if it misapplies the law or exercises its discretion based on incorrect legal principles." *State v. Slover*, 220 Ariz. 239, 242, ¶ 4 (App. 2009). We recognize that the superior court's task was to "determine whether the totality of the circumstances indicates a substantial basis for the magistrate's decision" to issue the warrant, and we also grant deference to the magistrate's decision. *State v. Crowley*, 202 Ariz. 80, 83, ¶ 7 (App. 2002) (quoting *State v. Hyde*, 186 Ariz. 252, 272 (1996)). We "must presume a search warrant is valid" and will affirm the superior court's denial of a motion to suppress if it is legally correct for any reason supported by the record. *Id.* (citing *Greehling v. State*, 136 Ariz. 175, 176 (1983)); *see State v. Dugan*, 113 Ariz. 354, 356 (1976); *State v. Claxton*, 122 Ariz. 246, 249 (App. 1979).

## II.    *Probable Cause*

¶10    Thompson argues that without the information gained from the unlawful sweep, there was not sufficient probable cause to issue the warrant to search Thompson's residence. Specifically, Thompson contends nothing in the remainder of the supporting affidavit or warrant suggested evidence of the assault would be found in the house; rather, the only information officers received regarding the location of the gun was a victim's statement that Thompson had placed the gun in his truck in the driveway after the altercation ended. In other words, without the discovery of marijuana inside the house, officers would have only had cause to search the truck and not the residence.

¶11    In response, the state argues the warrant clearly set forth probable cause because removing information related to the sweep from the warrant would only eliminate information about the marijuana and would have no effect on the affidavit as to the gun, related paraphernalia, or evidence proving ownership of the gun.[2] The state also asserts there was probable cause because common sense dictates that Thompson would not

---

[2]    The state's primary argument is that the search warrant was valid because the supporting affidavit did not contain any deliberate or reckless falsehoods or omissions. While falsity is one basis to exclude information from a warrant, it is not the only basis. Excision is also proper where information from an unlawful underlying search is included in the affidavit and warrant. *See United States v. Karo*, 468 U.S. 705, 719 (1984) (citing *Franks v. Delaware*, 438 U.S. 154, 172 (1978)). As the latter is the purported basis for excision in this case, we do not address whether deliberate or reckless falsehoods or omissions were contained in the affidavit.

leave the gun outside, unattended, and in plain view in his truck while he returned inside his home.

**¶12**     A valid search warrant requires probable cause, supported by an affidavit. U.S. Const. amend. IV; A.R.S. § 13-3913. Probable cause exists when, given all the circumstances set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place" at the time when the search is conducted. *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotation marks omitted); *accord Crowley*, 202 Ariz. at 85, ¶ 12 (citing *Gates*, 462 U.S. at 238). "Probable cause cannot be established by mere suspicion that a search will reveal items connected to criminal activity." *Frimmel v. Sanders*, 236 Ariz. 232, 241, ¶ 40 (App. 2014).

**¶13**     "[A]ffidavits are to be interpreted in a common sense and realistic manner." *State v. Summerlin*, 138 Ariz. 426, 431 (1983) (quoting *United States v. Lucarz*, 430 F.2d 1051, 1055 (9th Cir. 1970)). If unlawfully obtained information is included in a warrant affidavit, the court must excise such information from the affidavit and determine if the remaining untainted information is sufficient to establish probable cause. *See Karo*, 468 U.S. at 719 (citing *Franks*, 438 U.S. at 172); *State v. Gulbrandson*, 184 Ariz. 46, 58 (1995) ("The proper method for determining the validity of the search . . . is to excise the illegally obtained information from the affidavit and then determine whether the remaining information is sufficient to establish probable cause."). "Close cases should be resolved by giving preference to the validity of warrants." *Hyde*, 186 Ariz. at 272 (citing *Gates*, 462 U.S. at 236).

**¶14**     Here, the affidavit established that, after an argument in front of his home about neighborhood parking, Thompson went into his residence and then brought outside a black handgun. Thompson pointed the gun at multiple victims and "pulled the slide of the gun back with his left hand to chamber a round," at one point holding the gun a mere twelve inches from a victim's chest. As the situation deescalated, one of the three victims reported seeing Thompson place the gun in his truck in the driveway before walking inside his home, where he remained until police arrived.

**¶15**     Considering the totality of the circumstances, we conclude that the trial court correctly denied the motion to suppress because, as excised, the affidavit still supported the court's finding of probable cause. On the facts above, there was a fair probability that evidence of the assault would be found in either the truck or the residence, or both, as these were

locations Thompson accessed over the course of the argument and assault. Moreover, the affidavit reflected that Thompson chambered at least one round during the assault, which could lead a reasonable person to conclude additional ammunition, receipts of purchase, related paraphernalia, or proof of ownership of the weapon were likely inside the residence where Thompson had retrieved the gun and ammunition.[3]

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the superior court's denial of Thompson's motion to suppress.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] Because we affirm on the issue of probable cause, we need not address the state's argument concerning application of the "good faith" exception to the exclusionary rule.